# United States District Court
# Middle District of Florida
# Orlando Division

ANGELA HINES, ON HER OWN BEHALF
AND OTHERS SIMILARLY SITUATED,

        **Plaintiffs,**

-vs-                               **Case No.  6:09-cv-1116-Orl-28DAB**

DETAIL DYNAMICS, INC.,

        **Defendant.**
_____

## Report And Recommendation

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT (Doc. No. 55)**
>
> **FILED:**      **September 7, 2010**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice.

      Plaintiff Angela Hines and opt in Plaintiffs Dora Bailey and Eugene Butler (collectively "Plaintiffs") move for entry of a default final judgment against Defendant in this Fair Labor Standards Act ("FLSA") action. Plaintiff Hines filed a one count complaint, on behalf of herself and others, alleging that she was "an hourly paid laborer of Defendant" who worked in excess of forty hours during one or more work weeks but who did not receive overtime pay.  Although Defendant filed an Answer presenting a general denial, the Answer  was eventually stricken as sanction, and a default

was entered (Doc. Nos. 52, 54).[1] The instant motion followed.  For the reasons set forth herein, it is **respectfully recommended** that the motion be **denied, without prejudice** to renewal, if appropriate, upon a more complete showing of liability.

*The Standard of Review*

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").  The United States Supreme Court recently noted the difference between well-pleaded facts and conclusory allegations.  In *Ashcroft v. Iqbal*, ---U.S. ----, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.... A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' ... Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id*. at 1949 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the plaintiff is entitled to relief.' " *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).[2] This analysis applies

---

[1]Counsel for Defendant was granted leave to withdraw after the corporation discharged him (Doc. No. 49, 52). The Court advised Defendant that it could appear and be heard only through counsel.  Despite this direction, Defendant sought to represent itself *pro se* through its principal.  The Court denied that request (Doc. No. 57), and advised Defendant that it "must promptly obtain counsel" to the extent it wishes to respond to the pending motion for default judgment. Defendant has failed to do so.

[2]In her brief, Plaintiff relies on an outdated standard of simple notice pleading, citing to *Conley v. Gibson,* 355 U.S. 41 (1957).  This case, however, is no longer good law.  *See Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 550 US 544, 167 L.Ed.2d 929 (2007) (abrogating *Conley's* pleading rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief).

equally to a motion for entry of default judgment.  *See De Lotta v. Dezenzo's Italian Restaurant, Inc*., 2009 WL 4349806, 2- 5 (M.D. Fla. 2009) ("Therefore, to establish a claim under the FLSA for unpaid overtime compensation, a plaintiff must allege facts and not mere conclusions of law. The complaint must contain facts showing the plaintiff is within the terms of the Act, which requires a sufficient allegation of facts showing the plaintiff is engaged in or is employed in an enterprise engaged in commerce or the production of goods for commerce.").

*Analysis*

Applied here, the cursory language of the Complaint fails to present any basis for a finding of liability.  To establish a prima facie case of liability for unpaid overtime compensation under the FLSA, Plaintiff must demonstrate that: (1) Defendant employed her; (2) Defendant is an enterprise engaged in interstate commerce covered by the FLSA or Plaintiff is otherwise covered under FLSA; (3) Plaintiff actually worked in excess of a 40-hour workweek; and (4) Defendant did not pay any overtime wages to her.  *Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233, 1277 n. 68 (11th Cir. 2008).

> Enterprise coverage applies where:
>
> (1) the employer has two or more employees regularly and recurrently engaged in commerce, or has two or more employees regularly and recurrently 'handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person' **and**
> (2) the employer's annual gross volume of sales is $500,000 or more.

*See Dent v. Giaimo*, 606 F.Supp.2d 1357, 1360 (S.D. Fla. 2009) (*citing* 29 U.S.C. § 203(s)(1)(A); 29 C.F.R. § 779.238) (emphasis added).  For "individual coverage" to apply under FLSA, each Plaintiff must prove that he or she was: 1) engaged in commerce or 2) engaged in the production of goods for commerce.  29 U.S.C. § 206(a)(1).  The work of employees "engaged in commerce" involves or

relates to "the movement of persons or things (whether tangibles or intangibles, and including information and intelligence) among the several States or between any State and any place outside thereof." 29 C.F.R. § 776.9 (quotation omitted).  According to the Eleventh Circuit, for an employee to be "engaged in commerce" under the FLSA:

> [H]e must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel.

*Thorne v. All Restoration Servs., Inc.,* 448 F.3d 1264, 1266 (11th Cir. 2006) (internal citations omitted).  Employees are engaged in the production of goods for commerce if their work is closely related and directly essential to the production of goods for commerce. *Thorne,* 448 F. 3d at 1268. Neither the allegations of the Complaint nor the Affidavits of Plaintiffs accompanying the motion set forth proof of either coverage here.

The Complaint alleges only that Plaintiffs were "hourly paid laborers" of Defendant, but does not otherwise describe the nature of the work Plaintiffs performed.  Indeed, while Plaintiff alleges that Defendant was "engaged in business in Florida," the Complaint is silent on exactly what that business is.  Although the Complaint avers that Plaintiff was "engaged in commerce" and "engaged in the production of goods for commerce" and Defendant was "an enterprise engaged in commerce" and "an enterprise engaged in the production of goods for commerce," these are bare legal conclusions, with no factual basis pled to support them.  Absent factual allegations with respect to these critical elements of the claim, liability is not established by the entry of the default.

Moreover, Plaintiffs' Affidavits fail to establish the necessary proof of liability.  The Affidavits do not detail the nature of the business, nor the nature of the work performed, but present

almost identical averments that each Plaintiff was a "crew leader" and Defendants employed approximately 25 crew leaders.  While the Interrogatories filed in this case provide a little more detail (Doc. Nos. 19, 22 and 23), the Court has no idea what Defendant's business is and how crew leaders were "engaged in production of goods for commerce" or "engaged in commerce" within the meaning of FLSA.

The FLSA overtime provisions apply to an employer engaged in an "enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a).  The FLSA also applies to any employee who is "engaged in commerce or in the production of goods for commerce" regardless of whether the business that employs him is engaged in commerce under the Act.  *Id.*  As a showing of involvement in commerce, as that is defined in the Act, is necessary to establish either enterprise or individual liability, there can be no judgment on this claim, default or otherwise, without it.  *See Zarate v. Jamie Underground, Inc.,*  629 F. Supp. 2d 1328 (S.D. Fla. 2009) (no enterprise liability despite showing of gross sales of not less than $500,000 when company did not have at least two employees "engaged in commerce").

It is therefore **respectfully recommended** that the motion be **denied, without prejudice** to renewal upon a more sufficient showing.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 5, 2010.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy