# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ANGELA HINES, ON HER OWN BEHALF AND OTHERS SIMILARLY SITUATED,**

**Plaintiffs,**

**-vs-** **Case No. 6:09-cv-1116-Orl-28DAB**

**DETAIL DYNAMICS, INC.,**

**Defendant.**

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **RENEWED MOTION FOR DEFAULT JUDGMENT (Doc. No. 67)** |
| **FILED:** | **January 31, 2011** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

Plaintiff Angela Hines and opt in Plaintiffs Dora Bailey and Eugene Butler (collectively "Plaintiffs") move for entry of a default final judgment against Defendant in this Fair Labor Standards Act ("FLSA") action. Plaintiff Hines filed a one count complaint on behalf of herself and others, alleging that she was "an hourly paid laborer of Defendant" who worked in excess of forty hours during one or more work weeks but who did not receive overtime pay. Although Defendant filed an Answer presenting a general denial, the Answer was eventually stricken as a sanction, and a default was entered (Doc. Nos. 52, 54). Plaintiffs filed a Motion for Entry of Default Final Judgment (Doc.

No. 55), which was denied, without prejudice to a more particularized showing, on the recommendation of the undersigned (Doc. Nos. 58, 59).

Following a substitution of counsel, Plaintiffs filed the instant Renewed Motion for Entry of Default Final Judgment. The motion includes Affidavits of Angela Hines and Eugene Butler, and an unexecuted draft of an Affidavit of Dora Bailey. In subsequent filing, Dora Bailey withdrew her consent to join the litigation (Doc. No. 68).[1] No response to the motion has been filed by the defaulted Defendant and the matter was referred to the United States Magistrate Judge for issuance of a Report and Recommendation. For the reasons that follow, it is **respectfully recommended** that the motion be **granted, in part and denied, in part.**

***The Standard of Review***

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). The United States Supreme Court has noted the difference between well-pleaded facts and conclusory allegations. In *Ashcroft v. Iqbal*, ___U.S. ___, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.... A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' ... Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id*. at 1949 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere

[1]The effect of Bailey's "opt out" notification is not briefed by Plaintiffs. As Ms. Bailey has already joined this litigation through filing her opt in notice (Doc. No. 8-2), the Court **recommends** treating the "opt out" as a motion for voluntary dismissal under Rule 41, Federal Rules of Civil Procedure, and **granting** same.

possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the plaintiff is entitled to relief.' " *Id.* at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

This analysis applies equally to a motion for entry of default judgment. *See De Lotta v. Dezenzo's Italian Restaurant, Inc.*, 2009 WL 4349806, 2- 5 (M.D. Fla. 2009) ("Therefore, to establish a claim under the FLSA for unpaid overtime compensation, a plaintiff must allege facts and not mere conclusions of law. The complaint must contain facts showing the plaintiff is within the terms of the Act, which requires a sufficient allegation of facts showing the plaintiff is engaged in or is employed in an enterprise engaged in commerce or the production of goods for commerce.").

***Analysis***

To establish a prima facie case of liability for unpaid overtime compensation under the FLSA, Plaintiff must demonstrate that: (1) Defendant employed her; (2) Defendant is an enterprise engaged in interstate commerce covered by the FLSA or Plaintiff is otherwise covered under FLSA; (3) Plaintiff actually worked in excess of a 40-hour workweek; and (4) Defendant did not pay any overtime wages to her. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n. 68 (11th Cir. 2008). Enterprise coverage applies where: (1) the employer has two or more employees regularly and recurrently engaged in commerce, or has two or more employees regularly and recurrently 'handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person' and (2) the employer's annual gross volume of sales is $500,000 or more. *See Dent v. Giaimo*, 606 F.Supp.2d 1357, 1360 (S.D. Fla. 2009) (citing 29 U.S.C. § 203(s)(1)(A); 29 C.F.R. § 779.238) (emphasis added). For "individual coverage" to apply under FLSA, each Plaintiff must prove that he or she was: 1) engaged in commerce or 2) engaged in the production of goods for commerce. 29 U.S.C. § 206(a)(1). The work of employees "engaged in commerce" involves or relates to "the movement of persons or things (whether tangibles or intangibles, and including information

and intelligence) among the several States or between any State and any place outside thereof." 29 C.F.R. § 776.9 (quotation omitted). According to the Eleventh Circuit, for an employee to be "engaged in commerce" under the FLSA: [H]e must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.*, transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel. *Thorne v. All Restoration Servs., Inc.,* 448 F.3d 1264, 1266 (11th Cir. 2006) (internal citations omitted). Employees are engaged in the production of goods for commerce if their work is closely related and directly essential to the production of goods for commerce. *Thorne,* 448 F. 3d at 1268.

As noted in the prior Report, the cursory language of the Complaint fails to present any basis for a finding of liability. The Complaint alleges only that Plaintiffs were "hourly paid laborers" of Defendant, but does not otherwise describe the nature of the work Plaintiffs performed. Indeed, while Plaintiff alleges that Defendant was "engaged in business in Florida," the Complaint is silent on exactly what that business is. Although the Complaint avers that Plaintiff was "engaged in commerce" and "engaged in the production of goods for commerce" and Defendant was "an enterprise engaged in commerce" and "an enterprise engaged in the production of goods for commerce," these are bare legal conclusions, with no factual basis pled to support them. Absent factual allegations with respect to these critical elements of the claim, liability is not established solely by the entry of the default.

In the instant motion, Plaintiffs try to provide the missing elements through the submission of Affidavits which provide, in relevant part, that Plaintiffs Hines and Butler were employed by Defendant, a commercial cleaning business that performs cleaning work on construction sites and

other non-residential structures such as stores and medical offices around Central Florida. Hines was a Supervisor Crew leader who was paid $12 an hour. Her Affidavit notes that "[i]n the performance of our duties, we generally used all sorts of cleaning supplies and tools that had labels indicating that they were not made in Florida, such as Windex, a product made by Johnson & Johnson in New Jersey." (Doc. No. 67-1). Butler was a Lead Man who was paid $10 an hour, and was "responsible for pick up and dropping off employees at designated work sites, ordering supplies, and loading truck with necessary equipment." (Doc. No. 67-1). He, too, stated that "in the performance of our duties, we generally used all sorts of cleaning supplies and tools that had labels indicating that they were not made in Florida, such as Windex, a product made by Johnson & Johnson in New Jersey." *Id.* According to the Affidavits, Defendant employed approximately 25 crew leaders and lead men at similar pay and schedules, and the collective annual wages paid to the laborers exceeded $600,000 a year. *Id.*

Plaintiffs contend that this showing establishes that enterprise coverage exists. Although Plaintiffs cite very little case law as to whether this showing is sufficient to establish enterprise coverage, the Court's own research finds the showing to be underwhelming but, under all the circumstances present here, adequate.

A recent decision of this district is directly on point. In *Pareja v. Priority Care Service, Inc.*, 2011 WL 17633 (M.D. Fla. 2011), Judge Bucklew denied a defense motion for summary judgment in an FLSA action involving, as here, a janitorial services company. As that Court stated:

> Priority Care argues that it is not a covered enterprise under the FLSA because it operates a local cleaning company, and is not "engaged in commerce or in the production of goods for commerce ." To establish enterprise coverage, the employee must show that the employer is an enterprise that (1) "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and has an (2) "annual gross volume of

> sales made or business done [of] not less than $500,000. 29 U.S.C. § 203(s)(1) (A) (i-ii). Priority Care does not dispute that it meets the $500,000 sales threshold.
>
> Pareja contends that Priority Care meets the definition of an enterprise that "has employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce" because he used cleaning products that were manufactured outside the State of Florida for completing his janitorial duties. He contends that these cleaning products qualify as "materials" that have been moved in interstate commerce.
>
> As evidence, Pareja filed his affidavit in which he avers that, "in performing the janitorial services, [he] would regularly utilize cleaning agents, surface cleaners, and cleaning solutions provided to [him] by [Priority Care]." He lists these materials as "1) Johnson Diversey Glass and Multi-purpose cleaning solution, 2) Superior Hi Shine Steel Cleaner and Polish, and 3) Johnson Diversey Bowl Cleaner, Tile and Porcelain cleaner." Pareja avers that "[b]ased on information and belief, these items are manufactured in Sturtevant, Wisconsin and in Maumaee, Ohio."

2011 WL 17633 *3. The court found a genuine issue for trial regarding whether the cleaning products are materials moved in interstate commerce, noting:

> Under the FLSA, "materials" are "tools or other articles necessary for doing or making something." *Polycarpe v. E & S Landscaping Serv., Inc.*, 616 F.3d 1217, 1224 (11th Cir. 2010). Furthermore, "[w]hether an item counts as 'materials' will depend on two things: (1) whether, in the context of its use, the item fits within the ordinary definition of 'materials' under the FLSA [meaning, "tools or other articles necessary for doing or making something"] and 2) whether the item is being used commercially in the employer's business [meaning, that the employees are 'handling, selling, or otherwise working on' the item for the employer's commercial (not just any) purposes]." *Id.* at 1225-27.

*Id.*

Applied here, the Affidavits show a payroll in excess of $500,000, which, coupled with the uncontested allegation that "the annual gross revenue of Defendant was in excess of $500,000 per annum during the relevant time periods" (Doc. No. 1, Allegation 10) serves, absent any contrary evidence, to establish the monetary threshold for enterprise coverage. The Affidavits also establish that Hines and Butler generally used cleaning supplies that had labels indicating that they were not made in Florida, and the Court finds these supplies are "materials" within the definition of the FLSA,

in that they are "articles necessary for doing something" (cleaning) and the employees were handling the supplies for the employer's commercial purposes (cleaning service). *See Polycarpe v. E & S Landscaping Serv., Inc.*, 616 F.3d 1217, 1224 (11th Cir. 2010). In the context of this case, the Court finds enterprise coverage is established on this record.

As for damages, Plaintiff Hines swears that she was not paid time and a half for overtime and is owed the total amount of $14,760 (unliquidated) - $29,520 (liquidated), based on ten overtime hours a week for 82 weeks of work (Doc. No. 67-1 at p. 3). Opt in Plaintiff Butler avers that he was not paid time and a half for overtime and is owed the total amount of $4,650 (unliquidated) - $9,300 (liquidated) based on ten overtime hours a week for 31 weeks (Doc. No. 67-1 at p. 6). As noted, no response to the motion has been filed by the defaulted Defendant and these amounts are therefore unchallenged and appear to be the best evidence available to calculate damages. *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946). The Complaint alleges that the failure to pay overtime was willful (Doc. No. 1), thus supporting the award of liquidated damages under FLSA, and no contrary evidence is presented. Although FLSA provides for an award of attorney's fees for prevailing plaintiffs, the motion notes that counsel waives any award of attorney's fees and, as such and absent any evidence of fees, no fees are recommended.[2]

It is therefore **respectfully recommended** that the motion be **granted**, to the extent it seeks a default judgment in favor of Plaintiff Hines in the amount of $29,520.00 and in favor of Plaintiff Butler in the amount of $9,300.00, and **denied**, to the extent it seeks judgment in favor of Plaintiff Bailey, whose claim should be dismissed.

[2]Although the motion refers to costs in the amount of $495.00 and references receipts and invoices attached to the motion as "Exhibit B," no such exhibit is attached. Costs should be taxed by following the procedure set forth in Federal Rule 54(d), in the normal course.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 28, 2011.

David A. Baker

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy